

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. S. W. Cooper, Secretary Treasurer
Central Colorado River Authority
Coleman, Texas

Dear Sir:

Opinion No. O-1812
Re: Constitutionality of pro-
vision in Senate Bill 99,
Acts of the 46th Legisla-
ture, granting to Central
Colorado River Authority
one-half of State ad valorem
taxes.

In your letter of December 30, 1939, you submitted to this department a request for an opinion as to the constitutionality of the provision in Senate Bill 99, Acts of the 46th Legislature, granting to the Central Colorado River Authority one-half of the State ad valorem taxes of the District for flood control and reclamation purposes. Our opinion in respect to this matter has been held up, as you have previously been advised, pending the outcome of the case of Harris County Flood Control District v. Gerald C. Mann, in the Supreme Court of the State of Texas.

The caption to Senate Bill 99, Acts of the 46th Legislature, reads in part as follows:

"AN ACT . . . . providing for the donation and granting by the State of Texas to the District of one-half of all annual State ad valorem taxes collected in Coleman County for a period of ten years, beginning September 1, 1939. . . ."

Section 2 of the same Act provides in part as follows:

"Section 17a: For a period of ten years or for such portion of such period as may be required, but not longer, and commencing with the fiscal year beginning September 1, 1939, there is hereby donated and granted by the

Mr. S. W. Cooper, Page 2

State of Texas to the Central Colorado River Authority, fifty per cent (50%) of all State ad valorem taxes collected for general revenue purposes upon the property and from persons in the County of Coleman, including the rolling stock belonging to railroad companies which shall be ascertained and apportioned as now provided by law. The taxes hereby donated shall be used by the said Central Colorado River Authority for the purpose of carrying out the powers, duties and functions conferred upon such authority by the Legislature of this State."

Section 6 of the Act reads in part as follows:

"The fact that the Constitution of the State of Texas required the development and conservation of the natural resources of the State, and that a public calamity exists by reason of overflows and destruction of property by floods upon the Colorado River and its tributaries, and that the conservation of the flood waters of said river and its tributaries will prevent such calamities; . . ."

Such questions of constitutionality as occurred to us in respect to the validity of this grant have been discussed and decided by the Supreme Court of the State of Texas in the cases of Brazos River Conservation & Reclamation District, 91 S. W. (2d) 665, and Harris County Flood Control District v. Gerald C. Mann, recently decided, in each of which cases similar grants were sustained by that court. Upon the authority of these decisions, with respect to the questions therein involved, we are impelled to advise that the Act is constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:GO

APPROVED OCT 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN